# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FELIPA CRUZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY TRIAL DEMANDED** |
| **HOBBY LOBBY STORES, INC.** | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT HOBBY LOBBY STORES, INC.'S**
**INDEX OF MATTERS BEING FILED**

---

Defendant HOBBY LOBBY STORES, INC., hereby filed this Index of all documents filed in State Court Action:

A.   Index of Documents:

   (1)   Plaintiff's Original Petition, filed on August 19, 2022;

   (2)   Process Request, filed on August 19, 2022;

   (3)   Return of Service, filed on August 24, 2022;

   (4)   Defendant Hobby Lobby Stores, Inc.'s Original Answer and to Plaintiff's Original Petition and Demand for a Jury Trial, filed on September 16, 2022;

   (5)   Defendant Hobby Lobby Stores, Inc.'s Objection to Plaintiff's Rule 193.7 Notice of Intent, filed on September 16, 2022; and

   (6)   Case Sheet.

Respectfully submitted,

**MAYER LLP**
2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2000 / F: 713.487.2019

By:  */s/: Douglas M. Walla*
  Douglas M. Walla
  State Bar No. 20759900
  E-Mail: dwalla@mayerllp.com
  *-and-*
  Robin R. Gant
  State Bar No. 24069754
  E-Mail: rgant@mayerllp.com
  750 North St. Paul Street, Suite 700
  Dallas, Texas 75201
  214.379.6900 / F: 214.379.6939

  ***Attorneys for Defendant***
  ***Hobby Lobby Stores, Inc.***

## CERTIFICATE OF SERVICE

  The undersigned does hereby certify that on September 23, 2022, the foregoing *Defendant Hobby Lobby Stores, Inc.'s Index of Matters Being Filed* was electronically filed, as required by the United States District Court for the Southern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Southern District of Texas:

<table>
<tr><td>John K. Zaid<br>Ryan E. Bill<br>JOHN K. ZAID & ASSOCIATES<br>16951 Feather Craft Lane<br>Houston, Texas 77058<br><br>***Attorneys for Plaintiff***<br>***Felipa Cruz***</td><td>☐E-Mail (service@jkz.legal)<br>☐Hand Delivery<br>☐Facsimile<br>☐Overnight Mail<br>☒CM/ECF<br>☐Regular, First Class Mail<br>☐Certified Mail/Return Receipt Requested</td></tr>
</table>

               *Douglas M. Walla*
               Douglas M. Walla

8/19/2022 5:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67495316
By: Wanda Chambers
Filed: 8/19/2022 5:05 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **FELIPA CRUZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HOBBY LOBBY STORES, INC.** | § | |
| *Defendant.* | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FELIPA CRUZ (hereinafter referred to as "Plaintiff"), complaining of Defendant, HOBBY LOBBY STORES, INC. and would respectfully show unto this Honorable Court as follows:

### DISCOVERY

1.      Plaintiff intends to conduct discovery pursuant to Rule 190 of the Texas Rules of Civil Procedure, Level Three (3).

### PARTIES

2.      Plaintiff, FELIPA CRUZ, is a resident of Harris County, Texas.

3.      Defendant, HOBBY LOBBY STORES, INC. (hereinafter referred to as "Defendant"), is a corporation doing business in the State of Texas and may be served with process by serving its registered agent, Corporation Service Company D/B/A CSC– Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### VENUE

4.      Venue is proper in Harris County, Texas, pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE because Plaintiff's causes of action accrued in whole or in part in this county.

## BACKGROUND FACTS

5.      This cause of action is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as reasonable medical expenses, pain and suffering, physical impairment, disfigurement and mental anguish, which Plaintiff has suffered, and in reasonable probability, will continue to suffer in the future, resulting directly and proximately from personal injuries suffered in an incident that occurred on or about November 28, 2020.

6.      On or about November 28, 2020, Plaintiff was seriously injured on the premises located at 20325 US-59 Humble, TX 77338. Upon information and belief, said store is owned, managed, and/or controlled by Defendant. On that date, Plaintiff, who was an invitee on the premises, was seriously injured after she fell due to liquid substance that was negligently left on the floor creating a dangerous condition. This substance caused Plaintiff to slip and fall resulting in serious injuries for which Plaintiff hereby complains.

7.      At the time of the incident in question, Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

## NEGLIGENCE OF DEFENDANT HOBBY LOBBY STORES, INC.

8.      Defendant is liable to Plaintiff under the theory of premises liability and negligence. On the above date, Defendant, upon information and belief, were the owners, lessors and managers of the premises where this incident occurred, which created a duty upon them to ensure that the

premises are reasonably safe and free from any dangerous conditions that could harm someone

such as Plaintiff. As the owners, lessors and managers of the premises, Defendant was negligent

by not resolving the dangerous condition prior to this incident occurring.

      9.     Plaintiff would show that the following acts, omissions and/or conditions by

Defendant was a direct and proximate cause of Plaintiff's damages:

     a.   Defendant allowed for and created an unreasonably dangerous condition on the premises;

     b.   Defendant failed to warn of the dangerous condition prior to it occurring;

     c.   Defendant was negligent in failing to properly maintain the premises prior to this incident occurring;

     d.   Defendant was negligent in not notifying the proper parties, in a timely fashion prior to this incident occurring, of the dangerous conditions so that steps could be taken to remedy the condition;

     e.   Defendant was negligent in training their employees;

     f.   Defendant failed to properly supervise their employees;

     g.   Defendant was negligent in failing to properly inspect the premises prior to this incident occurring;

     h.   Defendant failed to use ordinary care to reduce or eliminate an unreasonably dangerous condition which Defendants knew about, or in the exercise of reasonable care, should have known about;

     i.   Defendant failed to properly maintain a safe environment;

     j.   Defendant was negligent in allowing and creating an obstruction to safe walking;

     k.   Defendant was negligent in allowing and creating an impediment to safe walking;

     l.   Defendant was negligent in allowing and creating a hinderance to safe walking;

     m.   Defendant was negligent in allowing and creating an interference to safe walking;

     n.   Defendant was negligent in allowing and creating an unsafe walking condition;

    o.  Defendant failed to act as a reasonably prudent person would under the same or similar conditions;

    p.  Defendant failed to manage the premises, where this incident occurred, in a reasonable manner; and

    q.  Other acts deemed negligent.

10.    Each of the foregoing acts and omissions, taken singularly or in combination constituted negligence and was a proximate cause of Plaintiff's injuries and damages as set forth below.

11.    Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## DAMAGES

12.    As a direct and proximate result of the occurrence made the basis of this action, Plaintiff FELIPA CRUZ suffered personal injuries. Further, to the extent, if any, that Plaintiff suffered from any pre-existing condition, if any, the incident made the basis of this lawsuit aggravated the pre-existing condition to the point that it became symptomatic or more symptomatic than it was before the collision. The negligence of Defendant's breach of its non-delegable duty of a high degree of care has proximately caused Plaintiff to suffer the following elements of damages in the past and Plaintiff will, in all reasonable probability, continue to suffer such elements of damages in the future:

    a)  Medical care and expenses;

    b)  Physical pain and suffering and mental anguish;

    c)  Physical impairment;

    d)  Disfigurement;

    e)  Lost wages

    f)   Loss of earning capacity; and/or

    g)   All other relief, at law or equity, to which Plaintiff may be entitled

Plaintiff has suffered damages from Defendant's wrongful conduct described herein. As discussed in this Petition, Plaintiff has suffered not only easily quantifiable economic damages, but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiff with the inalienable fundamental right to have her case heard and decided by a jury of her peers at trial. In accordance with these fundamental rights it will ultimately be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendant's wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages she is seeking, Plaintiff believes that when the totality of her damages are considered, along with the wrongful nature of Defendant's conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed three million dollars but it is unlikely that a jury would decide that Plaintiff's damages exceed four million. Plaintiff seeks monetary relief of over $3,000,000.00 but not more than $4,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff sues for a sum within the jurisdictional limits of the Court to be determined by the jury in its sole discretion.

## JURY DEMAND/TRIAL SETTING

13.    Plaintiff respectfully requests a trial by jury and that the Court set this case for a trial date that is within ninety (90) days after the discovery period in Rule 190.2(b)(1) ends.

## RULE 193.7 NOTICE

14.     You are hereby given notice pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7 of Plaintiff's intent to offer any and all documents produced by Defendant in response to any discovery request as evidence in any pretrial proceeding or at trial.

## REQUEST FOR DISCLOSURES

15.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of service of this request, the information or material described therein. Plaintiff further requests that Defendant answer separately.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant, HOBBY LOBBY STORES, INC. be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

*(Signature Block on Next Page)*

Respectfully submitted,

**JOHN K. ZAID & ASSOCIATES**

By: _____

       **JOHN K. ZAID**
       State Bar No. 24037764
       Email: john@zaidlaw.com
       **RYAN E. BILL**
       State Bar No. 24087038
       Email: ryan@zaidlaw.com
       16951 Feather Craft Lane
       Houston, Texas 77058
       Telephone: (281) 333-8959
       Facsimile:  (888) 734-1236
       E-service:  service@jkz.legal

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ashley Hernandez on behalf of John Zaid
Bar No. 24037764
ashley@zaidlaw.com
Envelope ID: 67495316
Status as of 8/22/2022 8:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Zaid | | service@jkz.legal | 8/19/2022 5:05:06 PM | SENT |
| Ryan Bill | | service@jkz.legal | 8/19/2022 5:05:06 PM | SENT |

8/19/2022 5:05:06 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 67495316
By: CHAMBERS, WANDA R
Filed: 8/19/2022 5:05:06 PM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: Plaintiff's Original Petition_____

FILE DATE: August 19th, 2022_____Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: HOBBY LOBBY STORES, INC. _____

Address of Service: 211 E. 7th Street, Suite 620_____

City, State & Zip: Austin, Texas 78701-3218_____

Agent (if applicable) Corporation Service Company D/B/A CSC– Lawyers Incorporating Service Company __

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

☒ Citation ☐ Citation by Posting ☐ Citation by Publication ☐ Citations Rule 106 Service

☐ Citation Scire Facias    Newspaper_____

☐ Temporary Restraining Order ☐ Precept ☐ Notice

☐ Protective Order

☐ Secretary of State Citation ($12.00) ☐ Capias (not by E-Issuance) ☐ Attachment (not by E-Issuance)

☐ Certiorari ☐ Highway Commission ($12.00)

☐ Commissioner of Insurance ($12.00) ☐ Hague Convention ($16.00) ☐ Garnishment

☐ Habeas Corpus (not by E-Issuance) ☐ Injunction ☐ Sequestration

☐ Subpoena

☐ Other (Please Describe) _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP (phone)** _____ ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note: The email registered with EfileTexas.gov must be*
☐ **CERTIFIED MAIL by District Clerk**   *used to retrieve the E-Issuance Service Documents*
   *Visit www.hcdistrictclerk.com for more instructions.*

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☒ **OTHER,** *explain* **please send to service@jkz.legal** _____

**Issuance of Service Requested By:** Attorney/Party Name: John K. Zaid_____ Bar # or ID 24037764

Mailing Address: 16951 Feather Craft Lane, Houston, Texas 77508_____

Phone Number: (281) 333-8959_____

8/24/2022 4:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67635499
By: DANIELLE JIMENEZ
Filed: 8/24/2022 4:50 PM

CAUSE NO. 202252035

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 974087
EML TRACKING NO: 74041886

| Plaintiff: | In The 080th |
| CRUZ, FELIPA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| HOBBY LOBBY STORES INC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:** **HOBBY LOBBY STORES INC (A CORPORATION) BY SERVING ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY (DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY)**
**211 E 7TH STREET SUITE 620, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 19, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on August 22, 2022, under my hand and seal of said court.

Issued at the request of:

ZAID, JOHN K
16951 FEATHER CRAFT LANE
HOUSTON, TX 77508
281-333-8959
Bar Number: 24037764



*Marilyn Burgess*
Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:WANDA CHAMBERS

AFFIDAVIT ATTACHED

Tracking Number: 74041886

## CAUSE NUMBER: 202252035

| | |
|---|---|
| PLAINTIFF: CRUZ, FELIPA | In the 080th |
| vs. | Judicial District Court of |
| DEFENDANT: HOBBY LOBBY STORES INC | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
              Affiant                                                                Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.


_____
Notary Public

## RETURN OF SERVICE

State of TX                          County of Harris                          80th Judicial District Court

Case Number: 2022-52035

Plaintiff:
**Felipa Cruz**

vs.

Defendant:
**Hobby Lobby Stores, INC.**

For:
Zaid Law

Received by Bay Oaks Process, LLP on the 22nd day of August, 2022 at 12:02 pm to be served on **Hobby Lobby Stores Inc, 211 E 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Paul Raney PSC# 10892 EXP: 5/31/2024, do hereby affirm that on the **24th day of August, 2022 at 10:38 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Citation, Plaintiff's Original Petition** with the date and hour of service endorsed thereon by me, to: **Neisha Gross** at the address of: **211 E 7th Street, Suite 620, Austin, Travis County, TX 78701**, and informed said person of the contents therein, in compliance with state statutes.

My name is Paul Raney, My Date of Birth is 10/18/1946 , and My Address is 1026 Clayton Lane, #4207, Austin, Texas 78723. I Declare Under Penalty of Perjury That The Foregoing is True and Correct. Executed in Travis County, State of Texas, on the 24th day of August, 2022.

_Paul Raney_
_____
**Paul Raney PSC# 10892 EXP: 5/31/2024**
Process Server

Bay Oaks Process, LLP
PO Box 5703
Pasadena, TX 77508
(281) 815-0191

Our Job Serial Number: BYO-2022001910

Copyright © 1992-2022 Databaso Services, Inc. - Process Server's Toolbox V8.1w

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ashley Hernandez on behalf of John Zaid
Bar No. 24037764
ashley@zaidlaw.com
Envelope ID: 67635499
Status as of 8/24/2022 4:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Zaid | | service@jkz.legal | 8/24/2022 4:50:10 PM | SENT |
| Ryan Bill | | service@jkz.legal | 8/24/2022 4:50:10 PM | SENT |

9/16/2022 11:11 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68329197
By: Chandra Lawson
Filed: 9/16/2022 11:11 AM

### CAUSE NO. 2022-52035

| | | |
|---|---|---|
| **FELIPE CRUZ,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HOBBY LOBBY STORES, INC.,** | § | |
| | § | |
| *Defendant.* | § | **80th JUDICIAL DISTRICT** |

## DEFENDANT HOBBY LOBBY STORES, INC.'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION
## AND DEMAND FOR A JURY TRIAL

Defendant, Hobby Lobby Stores, Inc., hereby files its Original Answer to Plaintiff's Original Petition and Demand for a Jury Trial as follows:

### I.
### GENERAL DENIAL

1.   Defendant, Hobby Lobby Stores, Inc. denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2.   In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury and has tendered the applicable jury fee with this Answer.

### III.
### PRAYER FOR RELIEF

3.   Based on all of the foregoing, Defendant, Hobby Lobby Stores, Inc., prays that

Plaintiff take nothing by her lawsuit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant is justly entitled.

Respectfully Submitted,

**MAYER LLP**

By: _Robin R. Gant_

Robin R. Gant
State Bar No. 24069754
E-Mail: rgant@mayerllp.com
750 North St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / F: 214.379.6939
-*and*-
Douglas M. Walla
State Bar No. 20759900
E-Mail: dwalla@mayerllp.com
2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2000 / F: 713.487.2019

***Attorneys for Defendant***
***Hobby Lobby Stores, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of September 2022, a true and correct copy of the foregoing document was forwarded to all counsel of record as required by the Texas Rules of Civil Procedure as indicated below:

| | |
|---|---|
| John K. Zaid | ☐ E-Mail (service@jkz.legal) |
| Ryan E. Bill | ☐ ECM |
| JOHN K. ZAID & ASSOCIATES | ☐ Hand Delivery |
| 16951 Feather Craft Lane | ☐ Facsimile |
| Houston, Texas 77058 | ☐ Overnight Mail |
| | ☐ E-Service Only |
| ***Attorneys for Plaintiff*** | ☒ E-Serve and File |
| ***Felipe Cruz*** | ☐ Regular, First Class Mail |
| | ☐ Certified Mail/Return Receipt Requested |

_Robin R. Gant_
Robin R. Gant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gail Chatman on behalf of Robin Gant
Bar No. 24069754
gchatman@mayerllp.com
Envelope ID: 68329197
Status as of 9/16/2022 1:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robin Gant | | rgant@mayerllp.com | 9/16/2022 11:11:38 AM | SENT |
| Doug MWalla | | dwalla@mayerllp.com | 9/16/2022 11:11:38 AM | SENT |
| Gail Chatman | | gchatman@mayerllp.com | 9/16/2022 11:11:38 AM | SENT |
| Stephanie Arms | | sarms@mayerllp.com | 9/16/2022 11:11:38 AM | SENT |
| John Zaid | | service@jkz.legal | 9/16/2022 11:11:38 AM | SENT |
| Ryan Bill | | service@jkz.legal | 9/16/2022 11:11:38 AM | SENT |

9/16/2022 11:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68329031
By: cassie combs
Filed: 9/16/2022 11:08 AM

### CAUSE NO. 2022-52035

| | | |
|---|---|---|
| **FELIPE CRUZ,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **HOBBY LOBBY STORES, INC.,** | § | |
| | § | |
| *Defendant.* | § | **80th JUDICIAL DISTRICT** |

## DEFENDANT HOBBY LOBBY STORES, INC.'S OBJECTIONS TO PLAINTIFF'S RULE 193.7 NOTICE OF INTENT

HOBBY LOBBY STORES, INC.'S, **(**"Defendant") hereby files its Objections to Plaintiff's Rule 193.7 Notice of Intent and in support Defendant shows the Court as follows:

1.     Plaintiff has filed a "Rule 193.7 Notice" stating that she hereby gives notice, pursuant to Tex. R. Civ. P. 193.7, of Plaintiff's intent to "offer any and all documents produced by Defendant in response to any discovery request as evidence in any pretrial proceeding or at trial.." *(See Plaintiff's Original Petition at p. 6, paragraph 14).*

2.     Defendant objects to this blanket, nonspecific attempt to invoke the provisions of Rule 193.7 as a violation of both the spirit and the letter of the rule. Specifically, Rule 193.7 imposes upon a party the obligation, upon receipt of ***actual notice*** that a document will be used at trial, to object on grounds of authenticity or otherwise waive that objection. The Rule's use of the term "actual notice" has a meaning, which includes more than notice that the offering party may use any document produced by any party in the course of discovery in a case.

3.      This reading of the Rule is reinforced by the "Comments" to the Rule, which provide that the triggering factor is not production, but instead is "the party's actual awareness that the document will be used." Additionally, the Comments indicate that the purpose of Rule 193 is to streamline and promote complete disclosure in discovery. *(See, generally,* Tex. R. Civ. P. 193, Comments.) If Plaintiff is permitted to take advantage of the self-authenticating nature of the Rule by making a blanket notice that all such documents will be used, it defeats the purpose of the Rule.

4.      This reading is further supported by Texas case law under which courts assume that the Rule contains a specificity requirement. *See Merrell v. Wal-Mart Stores, Inc.*, 276 S.W.3d 117, 131 (Tex. App.—Texarkana 2008, no pet.) ("assuming, without deciding, the rule contains a specificity requirement . . .").

5.      Defendant objects then to Plaintiff's "notice," in that Plaintiff's designation of all documents produced by Defendant, or any other party in this case, regardless of their source, is not "actual notice" as contemplated and required by the Rule.

6.      Defendant further objects to the Plaintiff's "notice" in that Plaintiff's designation purports to impose upon Defendant the obligation to object to the authenticity of documents which have not yet been produced. The case is currently in its early stage, the parties have not yet begun the discovery process and Defendant should not be required to object to the authenticity of documents that have not yet been produced.

7.      However, and out of an abundance of caution, Defendant responds to the substance of the "notice" by objecting to the authenticity of Plaintiff's blanket designation of all documents produced by Defendant in discovery. As a whole, documents produced by Defendant will undoubtedly contain individual documents which Defendant does not have sufficient knowledge to authenticate. Thus, requiring Defendant to review all documents without actual knowledge that they may be used in the litigation places an unnecessary burden on Defendant that is not contemplated by Rule 193 and is counterproductive to the stated purpose of streamlining discovery and encouraging production of complete discovery.

8.      Defendant therefore calls upon Plaintiff, to specifically identify all documents that Plaintiff intends to use at any proceeding, to provide Defendant with actual notice that such documents may be used at trial, and to allow Defendant an opportunity to object as provided under Rule 193.7.

9.      Therefore, **HOBBY LOBBY STORES, INC.'S**, prays that the court sustain its objections to Plaintiff's attempted blanket designation of all unidentified documents to be used at future proceedings in this case and order Plaintiff to instead identify the specific documents produced by Defendant that Plaintiff actually anticipates using in this litigation and for such other and further relief, both general and special, at law and in equity, to which this Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**
750 North St. Paul Street, Suite 700
Dallas, Texas 75201
214.349.6900 / F: 214.379.6939

By:   */s/ Robin R. Gant*
      Robin R. Gant
      State Bar No. 24069754
      E-Mail: rgant@mayerllp.com
      Zach T. Mayer
      State Bar No. 24013118
      E-Mail: zmayer@mayerllp.com

      ***Attorneys for Defendant***
      ***Hobby Lobby Stores, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that on the September 16, 2022, a true and correct copy of the

foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| John K. Zaid | ☐E-Mail (service@jkz.legal) |
| Ryan E. Bill | ☐ECM |
| JOHN K. ZAID & ASSOCIATES | ☐Hand Delivery |
| 16951 Feather Craft Lane | ☐Facsimile |
| Houston, Texas 77058 | ☐Overnight Mail |
| | ☐E-Service Only |
| ***Attorneys for Plaintiff*** | ☒E-Serve and File |
| ***Felipe Cruz*** | ☐Regular, First Class Mail |
| | ☐Certified Mail/Return Receipt Requested |

      */s/ Robin R. Gant*
      Robin R. Gant

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gail Chatman on behalf of Robin Gant
Bar No. 24069754
gchatman@mayerllp.com
Envelope ID: 68329031
Status as of 9/16/2022 11:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robin Gant | | rgant@mayerllp.com | 9/16/2022 11:08:44 AM | SENT |
| Doug MWalla | | dwalla@mayerllp.com | 9/16/2022 11:08:44 AM | SENT |
| Gail Chatman | | gchatman@mayerllp.com | 9/16/2022 11:08:44 AM | SENT |
| Stephanie Arms | | sarms@mayerllp.com | 9/16/2022 11:08:44 AM | SENT |
| John Zaid | | service@jkz.legal | 9/16/2022 11:08:44 AM | SENT |
| Ryan Bill | | service@jkz.legal | 9/16/2022 11:08:44 AM | SENT |

Case 4:22-cv-03272 Document 1-1 Filed on 09/23/22 in TXSD Page 25 of 25

**HCDistrictclerk.com**      CRUZ, FELIPA vs. HOBBY LOBBY STORES INC                9/19/2022
Cause: 202252035      CDI: 7      Court: 080

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 104077327 | Defendant Hobby Lobby Stores, Inc.'s Objections to Plaintiff's Rule 193.7 Notice of Intent | | 09/16/2022 | 5 |
| 104081864 | DEFENDANT'S ORIGINAL ANSWER | | 09/16/2022 | 3 |
| 103677827 | CITATION CORPORATE: HOBBY LOBBY STORES INC: | | 08/24/2022 | 4 |
| 103614350 | Plaintiffs Original Petition | | 08/19/2022 | 8 |
| ·> 103614351 | Request for Issuance of Service | | 08/19/2022 | 1 |