United States District Court
Southern District of Texas
**ENTERED**
March 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FELIPA CRUZ, § § *Plaintiff,* § § v. § CIVIL ACTION NO. 4:22-cv-03272 § HOBBY LOBBY STORES, INC., § § *Defendant.* § | |

## ORDER

Pending before the Court Pending before the Court is Defendant Hobby Lobby Stores, Inc.'s ("Hobby Lobby" or "Defendant") Motion for Summary Judgment. (Doc. No. 12). Plaintiff Felipa Cruz ("Plaintiff" or "Cruz") filed a Response. (Doc. No. 13), and Defendants filed a Reply (Doc. No. 14). Having considered the motion, summary judgment evidence, and applicable law, the Court hereby GRANTS Defendants' Motion for Summary Judgment. (Doc. No. 12).

### I.    Background

This is a personal injury case involving injuries allegedly sustained by Plaintiff on or about November 28, 2020, at a Hobby Lobby store located in humble, Harris County, Texas. Specifically, Plaintiff alleges that she sustained injuries from a fall caused by liquid on the floor of Defendant's premises. Plaintiff testified in her deposition that there was a puddle in the Christmas-decorations area of the store, and that she thought the puddle was "water or oil." (Doc. No. 13-1 at 16). She testified that the liquid was "clear," "transparent," and odorless. (*Id.*). While she was unsure about the exact size of the puddle, she stated "maybe it was 2 or 3 feet wide because the floor is white and you can't see it." (Doc. No. 12-1 at 18).

Plaintiff admits that she did not see the substance on the floor before she fell. (Doc. No. 12-1 at 18). She further admits that she did not know how the liquid got on the floor and she does not know how long the liquid had been on the floor before the incident. (*Id.* at 19). Finally, she testified that there were no store employees in the area before she fell. (*Id.*). Defendant's employee and store Co-Manager Danielle Taylor testified that prior to the incident, she had no knowledge of the liquid on the floor or how long the liquid had been on the floor. (Doc. No. 12-2 at 18).

Plaintiff filed this lawsuit in Texas state court alleging negligence and premises liability. (Doc. No. 1-1). Defendant promptly removed the case to this Court and thereafter filed its motion for summary judgment.

## II.    Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in

favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara*, 353 F.3d at 405. It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.    Analysis

Here, Defendant moves for summary judgment on both Plaintiffs claims grounded in negligence and premises liability, arguing that she has not raised a genuine issue of material fact on either claim and that summary judgment is appropriate as a matter of law. The Court will address each claim in turn.

#### a. *Negligence Claim*

To prevail on her general negligence claim against Defendant, Plaintiff must prove (1) Defendant owed her a legal duty of care; (2) Defendant breached that duty; (3) the breach proximately caused Plaintiff's injuries. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W. 3d 401, 404 (Tex. 2009). As the Texas Supreme Court has explained, "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992).

Defendant argues that Plaintiff's general negligence claim fails because she has no evidence to show that Defendant owed or breached any a legal duty owed to Plaintiff, independent of any duty imposed by premises liability law. (Doc. No. 12 at 9). Plaintiff does not respond to this argument or provide any evidence to contrary. Given that it is Plaintiff's burden to raise a fact issue and she has failed to do so here, the Court GRANTS Defendant's motion for summary judgment as to Plaintiff's negligence claims.

b. *Premises Liability Claim*

Under Texas law, Plaintiff must prove the following elements to establish a premises liability claim: (1) Plaintiff was an invitee; (2) Defendant was the owner or possessor of the premises; (3) a condition of the premises created an unreasonable risk of harm to Plaintiff; (4) Defendant knew or reasonably should have known of the condition; (5) Defendant failed to exercise ordinary care to protect the invitee from danger; and (6) Defendant's failure was a proximate cause of Plaintiff's injury. *Judd v. Braum's. Inc.*, 2015 WL 11019133 at *2 (N.D. Tex. July 15, 2015) (citing *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009)). There is no dispute that Plaintiff was an invitee or that Defendant owned/possessed the premises in question, and thus the first two elements are clearly met. Defendant argues that there is no genuine issue of material fact on the fourth element—that Defendant had any actual or constructive knowledge of the condition on the premises.

For a premises owner or operator to have "actual knowledge" of a condition, the owner or operator must have known that the hazard existed, but negligently failed to cure it. *See generally Keetch v. Kroger*, 845 S.W.2d 262 (Tex. 1992). In the absence of proof of actual knowledge, a Plaintiff can succeed in establishing the knowledge evidence by showing "constructive knowledge." Constructive knowledge can be established by showing that the condition existed long enough for the owner or occupier to have discovered it upon reasonable inspection. *See CMH Homes, Inc.*, 15 S.W.3d 97, 102-03 (Tex. 2000). To show Defendant had constructive knowledge, Plaintiff must show that "it is more likely than not that the dangerous condition existed long enough to give [Defendant] a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 938 (Tex. 1998) (emphasis added).

Where a plaintiff has no evidence of how long the condition existed prior to her accidental fall, she has not met her burden of proof on notice, and the defendant is entitled to summary

judgment. *See Wal-Mart v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."); *Gonzalez*, 968 S.W.2d at 936 (rendering judgment for defendant where the plaintiff could not prove macaroni on which plaintiff fell had been on floor long enough that defendant reasonably should have discovered it).

Here, Defendant contends that the undisputed summary judgment evidence shows that Defendant did not have actual knowledge of the condition because (1) co-manager Danielle Taylor testified that she was not aware of any employee who knew about the puddle, and (2) Plaintiff admitted that there was no employee in the area when she fell. Moreover, Defendant argues that there is no evidence of constructive knowledge either, given that Plaintiff can provide no evidence of how long the spill had been there. Thus, Defendant argues it is entitled to summary judgment as a matter of law because there is no genuine issue of material fact in support of one element of Plaintiff's claim.

In response, Plaintiff argues that, because the puddle was in a highly trafficked area of the store and was large in size, Defendant should have been monitoring the area more frequently. Therefore, she concludes, "there is some evidence that Defendant knew or should have known of the unreasonably hazardous condition." (Doc. No. 13 at 7).

Upon examining the relevant law and summary judgment evidence, the Court finds that Plaintiff's argument fails to raise a fact issue as to her premises liability cause of action. That the puddle was in a highly trafficked area of the store and was large in size is insufficient evidence to raise a fact issue that Defendant had constructive knowledge of the condition. *See Wal-Mart v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the

dangerous condition."). Plaintiff admits that the puddle was transparent on white floor, making it difficult to see. More importantly, she testified that she does not know how long the puddle had been there. Thus, she has failed to raise a fact issue that Defendant had a reasonable opportunity to discover the spill prior to her accident. As such, Defendant's motion for summary judgment is hereby GRANTED on Plaintiff's premises liability claim as well.

## IV. Conclusion

For the foregoing reasons, this Court grants Hobby Lobby's motion for summary judgment. (Doc. No. 12). Plaintiff's claims are hereby dismissed with prejudice. A separate take nothing judgment will be entered as required by Rule 58 of the Federal Rules of Civil Procedure.

SIGNED at this 22nd day of March, 2024.

Andrew S. Hanen
United States District Judge